```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**COMINIC JOSEPH SAVO, JR.,**
      **- Plaintiff**

   **v.**                                       **CIVIL NO. 3:10-CV-1612 (CFD)(TPS)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**
      **- Defendant**

## MAGISTRATE JUDGE'S OPINION

**I. Introduction**

     The plaintiff, Dominic Savo, brings this action pursuant to Section 205(g) of the Social Security Act. See 42 U.S.C. § 405(g). He seeks review of a final decision by the defendant, the Commissioner of Social Security ("Commissioner"), partially denying his application for Disability Insurance Benefits. Pl.'s Mem. in Supp. 2. The plaintiff raises five issues on appeal: (1) whether the Administrative Law Judge ("ALJ") improperly excluded evidence submitted by the plaintiff after the Administrative Hearing; (2) whether the ALJ was required to use the services of a vocational expert; (3) whether the ALJ gave proper consideration to the opinion of a treating physician; (4) whether the ALJ effectively evaluated whether the plaintiff was performing substantial gainful activity; and (5) whether 42 U.S.C. § 423(c)(1) violates the plaintiff's due process rights. The Court finds that the ALJ improperly excluded evidence

submitted by the plaintiff. Therefore, the plaintiff's motion should be **GRANTED** in part, and **DENIED** in part. It should be **GRANTED** to the extent that it seeks a remand for further proceedings. It should be **DENIED** to the extent it seeks an order reversing the decision of the Commissioner. The defendant's motion to affirm should be **DENIED**. 28 U.S.C. § 636(b)(1)(A). Because the Court has ordered the case remanded for further proceedings based on the ALJ's evidentiary error, it is not necessary to address the plaintiffs remaining contentions.

## II. Legal Discussion

The Court assumes the parties' familiarity with the ALJ's decision and the factual background of this case. An ALJ generally has an affirmative obligation to fully develop the administrative record before reaching a conclusion. See Melville v. Apfel, 198 F.3d 45, 51 (2d Cir. 1999). SSA regulations dictate that the ALJ:

> ". . . shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the [ALJ] believes that there is relevant and material evidence available which has not been presented at the hearing, he may adjourn the hearing or, at any time, prior to the filing of the compensation order, reopen the hearing for the receipt of such evidence."

20 C.F.R. § 702.338 (2011) (emphasis added). Moreover, the Second Circuit has held that an ALJ, "unlike a judge in a trial,

must herself affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding. This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination and exists even where, as here, the claimant is represented by counsel." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996)(citing Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982) and Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996))(internal quotation marks omitted). The ALJ in this case acted inconsistently with this duty by purposely excluding evidence that suggests a worsening of the plaintiff's condition simply because the plaintiff submitted the evidence without explaining why the records were late. (R. at 8.)

Under 42 U.S.C. §405(g), a court may order the Commissioner to consider additional evidence if it is new and material, provided there is good cause for the failure to incorporate such evidence into the preceding.  For the Court to remand a case to the Commissioner on this basis, the evidence must satisfy three requirements.  See Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988).  First, the evidence must be "new and not materially cumulative of what is already in the record."  Second the evidence must be "both relevant to the [plaintiff's] condition during the time period in which benefits were denied[,] and

probative." Id. Third, the plaintiff must demonstrate "good cause for the failure to present the evidence earlier." Id.

The evidence offered by the plaintiff in this case meets all three requirements set fourth in Tirado. First, the documents offered by the plaintiff cannot be considered cumulative of what is already in the record because they are records pertaining to surgery and treatment occurring after the hearing. See Pl.'s Mem. in Supp. Exhibits A-D. There is no mention of the surgery or treatments described in the offered evidence in the record. Accordingly, the offered evidence satisfies the first prong of Tirado.

Second, the documents offered by the plaintiff are material. The ALJ based his decision, at least in part, on the finding that the plaintiff experienced a medical improvement as of December 31, 2008, and thereafter could perform light work with "access to an indoor bathroom facilit[y]." (Tr. 17 at Finding 11; Tr. 18 at Finding 14). However, the new evidence offered by the plaintiff contradicts this finding by the ALJ. Indeed, the offered records describe a worsening of the plaintiff's condition to such an extent that he required an additional major surgery. These records speak directly to the ALJ's finding of a medical improvement. Had the Commissioner considered the additional evidence it is possible he would have come to a different

conclusion, and the outcome of his decision would have been different.

Lastly, there was good cause for the plaintiff's late submission of the offered documents. Generally, an ALJ may decline to consider evidence submitted later than five business days before the date of the scheduled hearing. 20 C.F.R. § 405.331(a). However, under 20 C.F.R. § 405.331(c)(3), an ALJ must consider evidence submitted after this date if there is "some other unusual, unexpected, or unavoidable circumstance" that prevented the plaintiff from submitting the evidence earlier. The Commissioner maintains that the ALJ appropriately exercised his discretion by refusing to consider the records because the plaintiff did not articulate a specific reason why they were late. The Court disagrees. It is clear from the face of the documents that they were submitted by plaintiff's counsel on the same date they were received from the medical provider and before the ALJ rendered his decision. Further, the plaintiff received the records only seven days after the surgery was performed. Therefore, there was no possible way the plaintiff could have supplied the documents within the five-day period. Neither the Commissioner nor the Government argue the plaintiff submitted the evidence late for an improper reason. By considering these facts in light of what is supposed to be the

beneficent purpose of the Social Security laws, the Court believes it would be a miscarriage of justice to punish the plaintiff by excluding this evidence from the record.

### III. CONCLUSION

For the reasons set forth herein, this matter must be remanded to the Commissioner for consideration of additional evidence material to the plaintiff's application for benefits. Therefore, the plaintiff's motion **(Dkt. #13)** should be **GRANTED** to the extent it seeks remand for further proceedings before the ALJ.  On remand, the ALJ shall give proper consideration to the records offered by the plaintiff on April 13, 2010.  The plaintiff's motion should be **DENIED** to the extent it seeks an order reversing the decision of the Commissioner.  The defendant's motion for an order affirming the decision of the Commissioner **(Dkt. #14)** should be **DENIED**.  28 U.S.C. § 636(b)(1)(A).

The defendant may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 72(b).  Failure to do so may bar further review.  28 U.S.C. § 636(b)(1)(B); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

   Dated at Hartford, Connecticut this 21st day of October, 2011.

                                        /s/ Thomas P. Smith
                                        **THOMAS P. SMITH**
                                        **UNITED STATES MAGISTRATE JUDGE**